In the Matter of PAUL P. OTERI et al., Appellants, against TEMPORARY STATE HOUSING RENT COMMISSION, Respondent.

First Department, February 9, 1960.

*Irvin L. Lubar* of counsel (*Jacob S. Spiro,* attorney), for appellants.

*Emory Gardiner* of counsel (*Sam L. Simon* with him on the brief; *Harold Zucker,* attorney), for respondent.

*Per Curiam.* In this article 78 proceeding, petitioners appeal from an order confirming respondent's order fixing the maximum rent in respect of the premises here involved. Petitioners maintain the premises are not subject to rent control. The premises consist of a four-story, eight-family apartment house formerly located at 2240 Wallace Avenue, Bronx County, which was acquired by the City of New York in 1947 and sold to petitioners' predecessor during 1950. The apartment house was

thereafter removed to 2248 Holland Avenue, Bronx County. Apparently the building was never used for any purpose other than housing accommodations. Two of the tenants (apartments 1B and 2B) were tenants of the structure prior to its removal from 2240 Wallace Avenue.

We hold that decontrol of the premises resulting from the ownership and operation thereof by the City of New York (State Residential Rent Law, § 2, subd. 2, par. [e]; L. 1946, ch. 274, as amd.) terminated on the sale of the premises by the City of New York; that the said decontrol was dependent upon and coincidental with its ownership and operation of said premises. We also conclude the premises were not completed on or after February 1, 1947, within the meaning of paragraph (g) of subdivision 2 of section 2 of the State Residential Rent Law.

The underlying purpose of the rent control law is to relieve " a serious public emergency * * * in the housing of a considerable number of persons " and an " acute shortage of dwellings ". (§ 1, subd. 1.) Although by definition a housing accommodation includes " land and buildings appurtenant thereto, and all services, privileges, furnishings, furniture and facilities supplied in connection with the occupation thereof " (§ 2, subd. 2), neither the removal nor the relocation of a structure theretofore and thereafter used for housing accommodations is the equivalent of " housing accommodations * * * completed on or after February first, nineteen hundred forty-seven " (§ 2, subd. 2, par. [g]) any more than any change in " services, privileges, furnishings " or any of the other incidents of housing accommodations serves to exempt or decontrol them. (See *Matter of De Rosa* v. *Weaver*, 3 A D 2d 729; *Matter of Goldner* v. *Abrams*, 2 A D 2d 763; *Matter of Dajohn Realty Corp.* v. *McGoldrick*, 1 A D 2d 835; *Matter of Fiesta Realty Corp.* v. *McGoldrick*, 284 App. Div. 551, revd. on other grounds 308 N. Y. 869; *Matter of Paikoff* v. *McGoldrick*, 280 App. Div. 996.)

The order should be affirmed, with costs to respondent.

BOTEIN, P. J. (dissenting). I agree with the majority holding that the exemption from the rent control laws of premises owned and operated by the Housing Authority would ordinarily terminate upon the sale of such premises by the City of New York. I am of the opinion, however, that the subject premises were not " completed ", within the meaning of the statute, until after February 1, 1947, and are not therefore subject to control.

This case in no way resembles the cases cited in the majority opinion, where the repair and rehabilitation of previously

unused and abandoned residential premises were held not to involve a change from a nonhousing to a housing use. I would agree that not even the most sweeping and radical changes to existing deteriorated residential premises would result in placing new housing accommodations on the market.

Here, however, we are not dealing with the rehabilitation of abandoned or deteriorated housing accommodations. The exemption from control applies, among other things, to housing accommodations completed on or after February 1, 1947 (State Residential Rent Law, § 2, subd. 2, par. [g]; L. 1946, ch. 274, as amd. by L. 1950, ch. 250; State Rent and Eviction Regulations, § 9, subd. 3). "Housing accommodations" are defined by the statute as "Any building or structure * * * *together with* the land or buildings appurtenant thereto" (emphasis supplied) (§ 2, subd. 2).

When late in 1947 the building at 2240 Wallace Avenue was put on rollers and removed from the land it lost its character as "housing accommodations", while 2248 Holland Avenue was, prior to the statutory cut-off date, only an empty lot. When the building was moved to the latter site, a new foundation was built, new connections were made for utilities, and a new certificate of occupancy was obtained. The building was reconstituted as a component part of a housing accommodation — an entity consisting of a land-building combination. This combination, and the creation of the new entity, were "completed" after February 1, 1947.

There is more involved here than a mere change of services, privileges, or facilities in connection with an existing land-building combination. A building, which might otherwise have been demolished when its site was taken by condemnation, was relocated; and where formerly there was only an empty lot, there is now an eight-family house. True, it was set down as an almost complete unit rather than constructed from the ground up, but in a very real sense, public policy is furthered, for this is additional housing which would not have otherwise existed. I am of the opinion that the particular premises in question were "completed" after February 1, 1947, and for that reason exempt from control and therefore the order should be reversed, and the determination of the Rent Administrator annulled.

M. M. FRANK, VALENTE and McNALLY, JJ., concur in *Per Curiam* opinion; BOTEIN, P. J., dissents in opinion in which RABIN, J., concurs.

Order affirmed with $20 costs and disbursements to the respondent.