OPINION OF THE COURT
Per Curiam.
Final judgment dated May 10,1989 affirmed, without costs.
Following an in rem tax foreclosure resulting in the city’s ownership and management of the building premises under the New York City Department of Housing Preservation and Development’s Tenant Interim Lease program, the tenants organized as a housing development fund corporation pursuant to Private Housing Finance Law article XI. An eviction-type plan for conversion of the building to cooperative ownership was filed with the Attorney-General and declared effective. Title was conveyed to the petitioner cooperative corporation in April 1986. The plan provided that consenting tenants could purchase the shares allocable to their apartments for $250 and gave notice that the rights of nonpurchasing tenants would be governed by then existing Code of the Rent Stabilization Association of New York City, Inc. § 61 (4) (d). Tenant, who was notified of the conversion plan, elected not to purchase her unit and subsequently entered into a lease agreement which expressly provided that as a nonpurchasing tenant she had no right to continue in occupancy beyond the term of the lease and that any renewal was subject to the sole discretion of the corporation’s board of directors. After the expiration of the lease, the cooperative corporation terminated the tenancy and commenced this holdover proceeding.
We affirm the final judgment entered in favor of the cooperative substantially for the reasons stated in the decision below. We particularly note that tenant’s claim of stabilized status predicated upon Administrative Code of the City of New York § 26-507 (Rent Stabilization Law) is without merit. That section provides that notwithstanding the provisions of any "local law or regulation” promulgated pursuant to the Rent Stabilization Law, upon the sale of a multiple dwelling acquired by the city which was previously subject to rent stabilization, all dwelling units within the multiple dwelling shall be subject to the Rent Stabilization Law. There is no suggestion, however, that Administrative Code § 26-507 was intended to narrow in any sense the specific exemption from stabilization coverage for cooperatives expressly provided for *164 in the Rent Stabilization Law itself (Administrative Code § 26-504 [a]). Moreover, the provisions of the cooperative plan operative in this case were made consistent with the regulatory requirements of the Private Housing Finance Law, a State statute having as its declared purpose the encouragement of private investment in housing companies organized for the purpose of furnishing housing accommodations for persons of low income (Private Housing Finance Law § 11).
Tenant herein was fully advised of her occupancy rights in the event she elected not to purchase under the eviction plan developed pursuant to Private Housing Finance Law. Tenant was therefore in the same situation as any rent-stabilized tenant confronted with a cooperative eviction plan. Having elected not to purchase, tenant’s continued occupancy was subject, as set forth in the postconversion lease, to the sole discretion of the cooperative corporation. Accordingly, following the expiration of the lease, the cooperative was not required to offer a renewal and was authorized in terminating the tenancy.
Ostrau, P. J., Sandifer and McCooe, JJ., concur.