OPINION OF THE COURT
Per Curiam.
Order entered August 23, 1989 reversed, with $10 costs, respondent’s motion to dismiss denied.
*972 Civil Court granted respondent’s motion to dismiss this holdover summary proceeding on the ground that respondent is a rent-stabilized tenant and that the petition, alleging exemption from rent regulation, fails to set forth the reasons for the eviction as required by the Rent Stabilization Law. However, the papers submitted on this motion conclusively demonstrate that petitioner, presently and at all times since respondent assumed occupancy, is a not-for-profit housing cooperative corporation formed pursuant to the Private Housing Finance Law. As such, the apartment is expressly exempted from rent stabilization coverage (Administrative Code of City of New York § 26-504 [a]; Rent Stabilization Code [9 NYCRR] § 2520.11 [l], [j]; Jerome Ave. Hous. Dev. Fund Corp. v King, 147 Misc 2d 162 [App Term, 1st Dept]). While respondent argues that petitioner waived any objections to respondent’s purported rent-stabilized status by notating the lease as rent stabilized and registering the apartment with the Division of Housing and Community Renewal, these waiver defenses have uniformly been held not to invalidate statutory coverage exemptions (see, New York Univ. v Owens, NYLJ, June 6, 1990, at 21, col 2 [App Term, 1st Dept]). As this court has reiterated: "Coverage under a rent regulatory scheme is a matter of statutory right and cannot be created by waiver or estoppel” (New York Univ. v Benison, NYLJ, Oct. 27, 1988, at 23, col 2 [App Term, 1st Dept]). Since, for the above reasons, the petition correctly alleges the rent-regulatory status of the subject premises, respondent’s motion to dismiss, grounded thereon, is denied.
Sandifer, J. P., Miller and McCooe, JJ., concur.