■ DIANE RAMIREZ, Appellant, v JANE G. LEWIS et al., Respondents.—Order, Supreme Court, New York County (William J. Davis, J.), entered August 23, 1990, which granted defendants' motion for renewal and/or reargument of a prior motion to vacate a stay of eviction, and upon such renewal and/or reargument, granted the motion and vacated all stays in favor of plaintiff, unanimously affirmed, with costs.

Plaintiff claims to be the lawful tenant of apartment 15A of premises 145 West 55th Street in Manhattan as the result of cohabiting with the tenant of record for a period of approximately ten years. The tenant vacated the apartment in 1983 and nothing has been submitted from him during this litigation. At least seven different judgments and orders at trial and appellate levels have determined that plaintiff has no right to possession of the subject apartment. Plaintiff also commenced a Federal action pursuant to 42 USC § 1983 alleging constitutional violations of her civil rights. Plaintiff commenced this action in 1987 seeking damages for illegal eviction and obtained a stay pending determination of the Federal case. Defendants moved to vacate the stay which motion was initially denied until defendants could show a change of circumstances in the Federal case. Defendants thereafter moved for leave to renew and/or reargue, which motion was thereafter granted. The court then vacated the

stay on the grounds that the Federal court had no jurisdiction to order that plaintiff be allowed to continue possession and that plaintiff had shown no entitlement to a renewal lease under the standards of *Braschi v Stahl Assocs. Co.* (74 NY2d 201) and New York Rent Stabilization Code (9 NYCRR) part 2524, effective May 1, 1987. We affirm.

In rendering its decision, the court properly considered the standards in determining whether an unmarried lifetime partner is a family member and thus entitled to a renewal lease. Particularly, the court considered the longevity of the relationship, sharing of household or family expenses, intermingling of finances, engaging in family-type activities, formalizing legal obligations, holding themselves out as family members, regularly performing family functions and engaging in other behavior evidencing a long-term emotionally committed relationship (New York Rent Stabilization Code § 2520.6 [o]). Plaintiff's evidence in the form of affidavits, while showing a relationship, was totally inadequate to meet the statutory standards. There was no showing of shared household or family expenses, such as cancelled checks and receipts for utility bills, medical expenses and insurance. There was also no evidence of intermingled finances such as joint bank accounts or credit cards. Nor was there evidence of formalized legal obligations such as executors or beneficiaries of wills or powers of attorney *(see, Braschi v Stahl Assocs. Co., supra)*. Nor did the affidavits discuss attendance at family functions, holidays and celebrations. In fact, none of the evidence submitted was sufficient to show the deep and committed relationship between the parties necessary to reach the statutory standard. Concur—Murphy, P. J., Sullivan, Milonas, Rosenberger and Asch, JJ.