OPINION OF THE COURT
Margaret Taylor, J.
This is a motion by the respondent to dismiss the petition of *156 Common Ground Community Housing Development Fund Corporation (petitioner), which seeks to evict him from room 1121 of 255 West 43rd Street, New York, New York, also known as the Times Square Hotel, for nonpayment of rent. Dismissal is warranted, respondent maintains, because the petition fails to state a cause of action (CPLR 3211 [a] [7]) in that it does not allege the rent stabilization status of the premises. Specifically, respondent argues that petitioner cannot rely on its nonprofit status to exempt itself from the Rent Stabilization Code (9 NYCRR parts 2520-2530) (RSC) and, therefore, the petition must be dismissed. (See, Giannini v Stuart, 6 AD2d 418, 420 [1st Dept 1958]; MSG Pomp Corp. v Doe, 185 AD2d 798 [1st Dept 1992].)
Petitioner is a nonprofit corporation organized under Not-For-Profit Corporation Law § 402 and article XI of the Private Housing Finance Law. Its certificate of incorporation defines its purpose as being "organized and operated exclusively for the charitable purpose of owning, constructing, rehabilitating, leasing, managing, equipping, maintaining, developing and operating a housing project for persons of low income within the meaning of subparagraph (3) (a) of section 573 of the Housing Development Fund Companies Law.” Furthermore, the certificate of incorporation empowers petitioner to: "do and perform all acts necessary to accomplish the above-mentioned corporate purposes, including the execution of Regulatory Agreements with governmental agencies or instrumentalities thereof, and such other instruments and undertakings as may be necessary to enable the Corporation to secure the benefits of financing for the development and operation of the project.”
In accord with its purpose, petitioner acquired title to the Times Square Hotel from the prior owner on March 25, 1991. Petitioner sought and received a commitment letter from the City of New York, Department of Housing Preservation and Development (HPD) for a maximum loan of $28,850,107 for the acquisition, renovation and operation of the hotel. Pursuant to Private Housing Finance Law § 576, petitioner entered into a regulatory agreement with HPD whereby the rents charged to the tenants of the Times Square Hotel will be regulated for 30 years after the certificate of occupancy is issued or when the loan is repaid, whichever occurs later. The agreement permits petitioner to set new initial legal rents (according to a formula relating to the income of the tenant) within 60 days after an amended or new permanent certificate *157 of occupancy is issued. After the new initial legal rents are established, the housing accommodations remain subject to rent stabilization at the new rental rates, pursuant to the regulatory agreement. Currently, the building is under renovation and no certificate of occupancy has been issued. Therefore, the regulatory agreement does not exempt the hotel from rent stabilization with respect to the current tenants.
Prior to petitioner’s acquisition of the hotel, it was classified as a multiple dwelling housing accommodation pursuant to Multiple Dwelling Law § 4. As such, it is subject to the RSC pursuant to Rent Stabilization Law of 1969 (Administrative Code of City of NY, tit 26, ch 4) § 26-506 (RSL). Respondent moved into room 1121 in or about June 1985. Petitioner does not dispute this fact. Since respondent’s rent is $340 per month, pursuant to RSL § 26-506, room 1121 is subject to the RSC because the rent is less than the statutory maximum of $350 per month.
However, petitioner claims exemption from the RSC pursuant to section 2520.11 (j) which states: "This Code shall apply to all or any class or classes of housing accommodations made subject to regulation pursuant to the RSL or any other provision of law, except the following housing accommodations for so long as they maintain the status indicated below * * *
"(j) housing accommodations in buildings operated exclusively for charitable purposes on a nonprofit basis.”
In support of this claim, petitioner cites to three cases, 512 E. 11th St. HDFC v Grimmet (148 Misc 2d 971 [App Term, 1st Dept 1991]), Jerome Ave. Hous. Dev. Fund Corp. v King (147 Misc 2d 162 [App Term, 1st Dept 1990]) and Webster Apts. Corp. v Baglivo (NYLJ, Mar. 28, 1989, at 22, col 1 [App Term, 1st Dept]). These cases, however, are inapplicable here.
In Grimmet (supra), the housing accommodations involved a cooperative managed by the tenants under New York City’s Tenant Interim Lease Program. In King (supra), the tenants also formed a cooperative under the City’s Tenant Interim Lease Program. As both cases involve cooperatives, the housing accommodations were found to be exempted from the RSC pursuant to RSL § 26-504 (a) and RSC § 2520.11 (l), not pursuant to RSC § 2520.11 (j).
In Webster (supra), the housing accommodation was operated by a not-for-profit organization for several years and documents submitted established the fact that the housing accommodation was operated exclusively for charitable pur *158 poses. However, the record does not reflect any governmental funding. Therefore, pursuant to RSC § 2520.11 (j), the housing accommodation was exempted from RSL.
However, here, petitioner has access to over $28,000,000 from the City of New York for the purchase, renovation and operation of the Times Square Hotel. Since governmental funding is involved, pursuant to RSC § 2520.11 (f), room 1121 is regulated by the RSL. Section 2520.11 (f) states:
"This Code shall apply to all or any class or classes of housing accommodations made subject to regulation pursuant to the RSL or any other provision of law, except the following housing accommodations for so long as they maintain the status indicated below * * *
"(f) housing accommodations owned, operated, or leased or rented pursuant to governmental funding, by a hospital, convent, monastery, asylum, public institution, or college or school dormitory or any institution operated exclusively for charitable or educational purposes on a nonprofit basis, and occupied by a tenant whose initial occupancy is contingent upon an affiliation with such institution; however, a housing accommodation occupied by a nonaffiliated tenant shall be subject to the RSL and this Code.”*
Under standard rules of statutory construction, whenever there is a general and a particular provision in the same statute, the general does not overrule the particular but applies only where the particular provision is inapplicable. (People v Lawrence, 64 NY2d 200, 204 [1984], citing People v Mobil Oil Corp., 48 NY2d 192, 200 [1979].) Section 2520.11 (j) is the general provision for housing accommodations operated exclusively for charitable purposes. Section 2520.11 (f) is the particular provision for housing accommodations owned, operated and rented or leased with governmental funding exclusively for charitable purposes. As petitioner obtained funding from HPD, a governmental agency of the City of New York, for the acquisition, renovation and operation of the Times Square Hotel, section 2520.11 (f) of the RSC is applicable. The premises is subject to rent stabilization. The failure of the petition to allege this makes it defective. The petition is, therefore, dismissed.

 Thus, all tenants occupying section 2520.11 (f) government-funded housing accommodations are subject to RSC. Under this section, the only tenants exempted from RSC are "affiliated tenants”.