*526 OPINION OF THE COURT
Memorandum.
Order unanimously reversed without costs, motion for summary judgment denied and matter remanded to the court below for all further proceedings.
Respondent Harris moved for summary judgment dismissing the holdover proceeding against him. The court below granted the motion on the ground that there was no proper opposition to the motion and on the ground of estoppel due to certain documents prepared by petitioner which listed Mr. Harris as a "cotenant”.
The same arguments raised by Mr. Harris in this proceeding were raised by tenant Soriano in the case of 1041 Bushwick Ave. Assocs. v Soriano (NYLJ, Dec. 13, 1994, at 30, col 6 [App Term, 2d Dept]). The court found that Ms. Soriano had not vacated the apartment and was therefore liable for rent in that nonpayment proceeding. The lower court specifically found and this court inferentially found that Mr. Harris was not a tenant at the time of that proceeding. However, since Harris was not a party to that proceeding, its holding may not be used against him in this proceeding.
In the present case, estoppel may not be used to create rights that did not exist in rent-regulated or subsidized housing (see, New York City Hous. Auth. v Sykes, 117 Misc 2d 293, 295-296; see also, 512 E. 11th St. HDFC v Grimmet, 148 Misc 2d 971, 972). To hold otherwise would permit Mr. Harris to circumvent procedures for obtaining housing and give him a "preference to which [he] is not entitled” (New York City Hous. Auth. v Sykes, supra, at 296). Furthermore, Harris has made no showing of the character of his relationship to the Soriano family that existed since the time he moved into the apartment so as to qualify him for inclusion in her "family” (see, Ramirez v Lewis, 177 AD2d 296).
Finally, it should be noted that attached to the papers reviewed by the lower court was the verified petition by petitioner’s agent, which should have been deemed a sufficient allegation by one having knowledge of the facts, especially since that issue was not raised by tenant and tenant’s counsel was the only one submitting an affirmed statement in support of the client’s motion.
In sum, it is the opinion of this court that a trial is required at which time the character and substance of Harris’ tenancy may be litigated to establish whether there is any substantive *527 basis (not estoppel) for the continuation of his occupancy in the apartment in question.
Scholnick, J. P., Aronin and Chetta, JJ., concur.