■ JAMES J. GREGORY, Appellant, v COLONIAL DPC CORP. III et al., Respondents, and CHAIM BADID, Intervenor-Respondent. [651 NYS2d 150] —In an action, *inter alia,* for a judgment declaring that the plaintiff is a rent-stabilized tenant, the plaintiff appeals, as limited by his brief, from so much of an order and judgment (one paper) of the Supreme Court, Kings County (Golden, J.), dated July 24, 1996, as (a) granted the defendants' motion for summary judgment and dismissed the first through sixth causes of action, and (b) granted the defendants' fourth counterclaim and declared that the plaintiff is not a rent-stabilized tenant.

Ordered that the order and judgment is affirmed insofar as appealed from, without costs or disbursements.

The plaintiff moved into a rent-stabilized apartment upon the death of his mother, who had resided there as a nonpurchasing tenant when the building converted to a cooperative. The plaintiff allegedly moved into the premises based upon the representations of the managing agent that he would take occupancy as a rent-stabilized tenant who would be entitled to a rent-stabilized lease renewal upon the expiration of the existing lease.

Contrary to the plaintiff's contention, he was not entitled to be named as a tenant on the renewal lease. The plaintiff did not reside at the premises with his mother, the nonpurchasing tenant, for a period of at least two years immediately preceding her death (*see, Tagert v 211 E. 70th St. Co.*, 63 NY2d 818; *M & L Jacobs v DelGrosso*, 128 Misc 2d 725).

The plaintiff contends that the defendants should be estopped from denying him the status of a rent-stabilized tenant and that their actions constituted a waiver of any claim that he was not a rent-stabilized tenant. However, coverage under a rent regulatory scheme is governed by statute and cannot be created by waiver or equitable estoppel (*see, 512 E. 11th St. HDFC v Grimmet*, 148 Misc 2d 971, 972, *affd on other grounds* 181 AD2d 488; *Williams v Gallagher*, NYLJ, Mar. 6, 1991, at 23, col 3; *New York Univ. v Owens*, NYLJ, June 6, 1990, at 21, col 2; *Wilson v One Ten Duane St. Realty Co.*, 123 AD2d 198).

The plaintiff's remaining contentions are without merit. Rosenblatt, J. P., Pizzuto, Friedmann and Goldstein, JJ., concur.