■ ERNESTO RUIZ, Appellant, v CHWATT ASSOCIATES et al., Respondents. [669 NYS2d 47] —Judgment, Supreme Court, New York County (Carol Arber, J.), entered August 22, 1997, after a nonjury trial, *inter alia*, dismissing plaintiff's claim to recover rent overpayments upon a finding that the subject apartment is not rent stabilized, unanimously affirmed, with costs.

As the trial court held, the typewritten rider to the lease, providing that the subject apartment was to be used "for the practice of medicine only", controls over the irreconcilable pre-printed clause, providing that the apartment was to be used by the tenant and the tenant's family "as a strictly private dwelling apartment" (*see, Poel v Brunswick-Balke-Collender Co.*, 216 NY 310, 322). This rider, together with the certificate of occupancy and other evidence from tax returns and insurance policies adduced at trial, including plaintiff's own testimony, overwhelmingly established that the apartment was leased exclusively for professional purposes, and is therefore exempt from rent stabilization (Rent Stabilization Code [9 NYCRR] § 2520.11 [n]). As the trial court also held, it does not avail plaintiff that, without ever advising the landlord, he made the apartment his residence almost as soon as he took possession of it almost 30 years ago (*see, 129 E. 56th St. Corp. v Harrison*, 122 Misc 2d 799, 801-802), or that the landlord mistakenly registered the apartment as stabilized and over the years often asked for rent increases that conformed to stabilization guidelines. Rent stabilization coverage is a matter of statutory right and cannot be created by waiver or estoppel (*Gregory v Colonial DPC Corp. III*, 234 AD2d 419). Concur—Rosenberger, J. P.,Wallach, Williams and Tom, JJ.