OPINION OF THE COURT
Per Curiam.
Order entered January 19, 2000 affirmed, with $10 costs.
By agreement of the parties in 1987, as memorialized in a consent judgment entered in Supreme Court, New York County, the apartment premises were exempted from rent stabilization “by virtue of the fact that the apartment is not and will not be occupied by [tenant] as his primary residence.” It is not disputed that tenant resided outside New York City, rented the premises for professional purposes only, and agreed to a market rent ($2,600 per month) substantially above regulated levels. The lease executed by the parties, which became effective subsequent to entry of the judgment, allowed for renewals at tenant’s option in accordance with rent stabilization guidelines.
In 1998, landlord obtained an order of deregulation from the Division of Housing and Community Renewal (DHCR) upon tenant’s default in a high income rent deregulation proceeding. Landlord subsequently commenced this holdover proceeding based upon the order of deregulation and tenant’s refusal to execute a renewal lease at the “fair market” rent of $8,000 per month.
Civil Court properly dismissed the petition since the rights of the parties are governed by the arm’s length transaction and lease they freely negotiated in 1987. The apartment was exempted at that time upon its rental for professional purposes (Ruiz v Chwatt Assocs., 247 AD2d 308; Rent Stabilization Code [9 NYCRR] § 2520.11 [n]). Hence, there was no basis for landlord to apply to DHCR for an order of “deregulation” predicated upon this tenant’s income. The deregulation order is not entitled to preclusive effect in this proceeding since it is clear that DHCR did not make any substantive determination as to coverage; rather, the default order, by its boilerplate terms, presumed that the tenant was protected by rent stabilization in circumstances where it is clear that the agency was not cognizant of the specific lease arrangement governing the use of the premises (see generally, Staatsburg Water Co. v Staatsburg Fire Dist., 72 NY2d 147, 152-155).
Landlord’s reliance upon Draper v Georgia Props. (94 NY2d 809) and similar cases is misplaced since this is not a case where a residential tenant was impermissibly required to waive *181 the benefits of rent stabilization (cf., Rent Stabilization Code [9 NYCRR] §§ 2520.13, 2525.3 [b]). To the contrary, this is a case where the parties agreed to a professional use from which landlord profited by collecting increased rentals over many years. Landlord is therefore bound by the terms and conditions of the tenancy it bargained for. Whatever tenant’s right to possession is, it arises out of the 1987 lease, not under the rent laws.
Parness, P. J., Davis and Suarez, JJ., concur.