OPINION OF THE COURT
Memorandum.
Final judgment unanimously affirmed without costs.
Following a prior appeal in this proceeding, which landlord commenced in October 1994 after its successful action to remove the tenant of record from possession, we reversed an order which had dismissed the petition on the ground that the inclusion of occupant’s name on a lease amendment and on one or more section 8 recertification forms (none of which occupant signed) estopped landlord from denying occupant’s tenancy claim (1041 Bushwick Ave. Assoc. v Soriano, 168 Misc 2d 525, 526-527 [App Term, 2d & 11th Jud Dists 1996]). Following remand for a trial limited to the issue of occupant’s entitlement to succeed to the former tenant’s project-based section 8 subsidized housing unit, the court below concluded that occupant failed to prove he was a nontraditional member of tenant’s family. We now affirm.
An “objective examination” of the parties’ relationship (Braschi v Stahl Assoc. Co., 74 NY2d 201, 212 [1989]) as established at trial revealed that aside from occupant’s claim that he lived with the section 8 tenant “as man and woman,” and the aforementioned documents, occupant failed to offer any proof of the intermingling of finances, legal obligations, family activities, and other behavior indicative of a “family relationship” (cf. Rent Stabilization Code [9 NYCRR] § 2520.6 [o] [2]; Ramirez v Lewis, 177 AD2d 296, 297 [1991]). A long-term intimate cohabitation does not create a family relationship for succession purposes (e.g. 390 W. End Assoc. v Wildfoerster, 241 AD2d 402 [1997]) and we decline to infer a section 8 tenancy from what amounts to the former tenant’s acknowledgment, on certain documents, that she and occupant engaged in such cohabitation.
Pesce, EJ., Patterson and Rios, JJ., concur.