Matter of Trainer v State of N.Y. Div. of Hous. & Community Renewal (2018 NY Slip Op 04105)





Matter of Trainer v State of N.Y. Div. of Hous. & Community Renewal


2018 NY Slip Op 04105


Decided on June 7, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 7, 2018

Renwick, J.P., Richter, Webber, Kern, Moulton, JJ.


6822 101227/16

[*1]In re Terence Trainer, Petitioner-Appellant,
v
State of New York Division of Housing and Community Renewal, Respondent-Respondent. 401 Edgecombe Partners, LLC, Respondent-Intervenor-Respondent.


Himmelstein, McConnell, Gribben, Donoghue & Joseph LLP, New York (Jesse Gribben of counsel), for appellant.
Mark F. Palomino, New York (Aida Patricia Reyes of counsel), for State of New York Division of Housing and Community Renewal, respondent.
Sperber Denenberg & Kahan, P.C., New York (Eric H. Kahan of counsel), for 401 Edgecombre Partners, LLC, respondent.



Order and judgment (one paper) of the Supreme Court, New York County (Arlene P. Bluth, J.), entered July 10, 2017, to the extent it denied the petition to vacate respondent State of New York Division of Housing and Community Renewal's determination dated July 28, 2015, denying petitioner's rent overcharge complaint, and dismissed the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.
Respondent's determination that there was no rent overcharge, based largely on its interpretation of the statutes it administers, was not arbitrary and capricious, particularly in light of the fact that the vacancy lease petitioner originally executed was not for a rent stabilized apartment (see Matter of Ansonia Residents Assn. v New York State Div. of Hous. & Community Renewal, 75 NY2d 206, 213 [1989]; Matter of Hawthorne Gardens v State of New York Div. of Hous. & Community Renewal, 4 AD3d 135, 136 [1st Dept 2004]; CPLR 7803[3]). To the extent petitioner argues that the landlord is estopped from arguing that the apartment is rent stabilized because he and petitioner erroneously executed a renewal lease for a rent stabilized apartment, before the owner realized it was sent in error and notified petitioner of the error, "[r]ent stabilization coverage is a matter of statutory right and cannot be created by waiver or estoppel" (Ruiz v Chwatt Assoc., 247 AD2d 308 [1st Dept 1998]; see also 546 W. 156th St. HDFC v Smalls, 43 AD3d 7, 12 [1st Dept 2007]).
As DHCR concluded, the legal regulated rent on the base date of December 15, 2006 was $1,722.23 for the period from March 1, 2006 to February 28, 2007. Tenants Rachels and Brooks then rented the apartment from June 1, 2007 to February 19, 2008, and received a Notice to First Tenant of Apartment Deregulated After Vacancy Due to a Rent of $2,000 or More, which showed that when the statutory vacancy allowance of $292.78 was added to the then legal regulated rent of $1,722.23, the legal regulated rent rose to $2,015.01 (see Rent Stabilization Law [RSL] § 26-516(a)(2); Rent Stabilization Code [RSC] § 2520.6[f][1]; 2526.1(a)(2). Thus, by the time petitioner took occupancy, the apartment was deregulated (RSC § 2520.11[r][4]). In these circumstances, DHCR was not required to inquire further past the base date to ascertain whether the apartment in question was lawfully deregulated.
Pursuant to the recent ruling by the Court of Appeals in Altman v 285 W. Fourth LLC, ___ NY3d ___, 2018 Slip Op 02829 [2018]), the legal regulated rent for petitioner's apartment [*2]would have crossed the $2,000 threshold and would have been deregulated by the time of his lease commencing March 1, 2008, even assuming the rent during the prior Rachels/Brooks tenancy is disregarded as not properly registered pursuant to RSL § 26-517[a].
Nor does the record show substantial indicia of fraud to warrant an inquiry beyond the four-year statute of limitations to ascertain whether the rent on the base date is a lawful rent (Matter of Grimm v State of N.Y. Div. of Hous. and Community Renewal Off. of Rent Admin., 15 NY3d 358, 366 [2010]; Thornton v Baron, 5 NY3d 175, 181 [2005]; see RSL § 26-516 [a]). Although petitioner correctly notes that there was a significant increase in rent from 2003 to 2004, that increase and a few discrepancies in the registration statement do not suffice as indicia of fraud to require DHCR to inquire beyond the four-year statute of limitations (Grimm, 15 NY3d at 367).
We have considered petitioner's remaining contentions and find them unavailing or not properly before this Court.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 7, 2018
CLERK