Cvek 446 East 88th Street LLC, Petitioner-Landlord-Respondent, 
against
Christine Fish, Respondent-Tenant-Appellant, and "John Doe" and "Jane Doe," Respondents-Undertenants.




Tenant appeals from a final judgment of the Civil Court of the City of New York, New York County (Michelle D. Schreiber, J.), entered on or about October 25, 2018, after a nonjury trial, which awarded possession to landlord in a holdover summary proceeding and (2) an order of the same court (Jack Stoller, J.), dated May 10, 2019, which granted landlord's motion for use and occupancy in the sum of $10,880.




Per Curiam.
Final judgment (Michelle D. Schreiber, J.), entered on or about October 25, 2018, affirmed, with $25 costs. Appeal from order (Jack Stoller, J.), dated May 10, 2019, dismissed, without costs.
The trial record, fairly interpreted, supports the determination that the subject apartment was deregulated before tenant took occupancy in December 2006. The evidence credited by the court, including the DHCR annual rent registration statements, tenant's initial December 2006 lease and the December 2006 "Notice to First Tenant of Apartment Deregulated after Vacancy Due to a Rent of $2,000 or More," establishes that the apartment was deregulated in 2006, when the stabilized tenant vacated and the legal rent ($1,872.69), plus the available statutory vacancy increase ($374.54), brought the legal rent above the $2,000 luxury decontrol threshold then in effect (see Rent Stabilization Law [Administrative Code of City of NY] § 26-504.2[a] [repealed, effective June 14, 2019]; Altman v 285 W. Fourth LLC, 31 NY3d 178 [2018]). As the trial court properly held, it does not avail tenant that landlord subsequently mistakenly registered the apartment as stabilized or that landlord's predecessor tendered certain renewal leases using rent stabilization forms. Rent stabilization coverage is a matter of statutory right and cannot be [*2]created by waiver or estoppel (see Matter of Trainer v State of NY, Div. of Hous. & Community Renewal, 162 AD3d 461 [2018]; Heller v Middagh St. Assoc., 4 AD3d 332 [2004]; Ruiz v Chwatt Assoc., 247 AD2d 308 [1998]; see also 546 W. 156th St. HDFC v Smalls, 43 AD3d 7 [2007]).
Turning to the post-trial order, we note that tenant failed to assemble a proper record on appeal containing landlord's post-trial motion for use and occupancy and tenant's opposition papers (see Sebag v Narvaez, 60 AD3d 485 [2009], lv denied 13 NY3d 711 [2009]; CPLR 5526; CCA 1704).
We note that tenant failed to pay use and occupancy pursuant to the conditional stay granted by this Court, and has been evicted.
All concur.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.

Clerk of the Court
Decision Date: May 22, 2020