Hayward v Site 4 DSA Owner LLC (2024 NY Slip Op 02013)

Hayward v Site 4 DSA Owner LLC

2024 NY Slip Op 02013

Decided on April 16, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 16, 2024

Before: Moulton, J.P., Gesmer, González, Rodriguez, Michael, JJ. 

Index No. 155572/22 Appeal No. 2056 Case No. 2023-03887, 2023-03888 

[*1]George John Jordan Thomas Aquinas Hayward, Plaintiff-Appellant,
v
Site 4 DSA Owner LLC, Also Known as C&C Apartment Management LLC, Defendant-Respondent.

George John Jordan Thomas Aquinas Hayward, New York, appellant pro se.
Rosenberg & Estis, P.C., New York (Deborah Riegel and Ethan R. Cohen of counsel), for respondent.

Order, Supreme Court, New York County (Nancy M. Bannon, J), entered July 7, 2023, which, to the extent appealed from as limited by the briefs, granted defendant landlord's motion pursuant to CPLR 3211(a)(1), (a)(3), and (a)(7) to dismiss the amended complaint, unanimously affirmed, without costs.
The subject 263-apartment building was divided into seven condominium units, consisting of three residential and four commercial units, pursuant to a Land Disposition Agreement (LDA) agreed to between the New York City Department of Housing Preservation and Development (HPD) and defendant landlord in 2017. One of the three residential units (Resi 3 Unit) contained 142 market-rate apartments. The remaining two residential units (Resi 1 Unit and Resi 2 Unit) included a total of 121 income-restricted apartments that were subject to a RPTL 421-a(16) Regulatory Agreement executed simultaneously with the LDA.[FN1]
LDA § 203 provided that the 141 market-rate apartments "shall not be subject to the Regulatory Agreement." Other than one rent-free apartment provided for the superintendent, the market-rate apartments had no eligibility restrictions.
Plaintiff's apartment was one of the Resi 3 Unit's 141 market-rate rental apartments. His claim — that a 421-a rider that was erroneously attached by the landlord to his lease created a contractual right to rent stabilization status — is without merit.
Rent stabilization rights are purely creatures of statute and cannot be created by waiver or estoppel (see Matter of Trainer v State of N.Y. Div. of Hous. & Community Renewal, 162 AD3d 461, 461 [1st Dept 2018]; Ruiz v Chwatt Assoc., 247 AD2d 308 [1st Dept 1998]; Heller v Middagh St. Assoc., 4 AD3d 332 [2d Dept 2004]).
Additionally, Tenant has no standing to enforce the regulatory agreement between defendant and the City of New York; such authority is granted solely to the City and the New York City Department of Housing Preservation and Development (see CPLR 3211[a][3]; Concerned Cooper Gramercy Tenants' Assn. v New York City Educ. Constr. Fund, 304 AD2d 412 [1st Dept 2003]).
Tenant's argument that the apartment is subject to rent stabilization because it has never been vacant, and thus a high rent vacancy deregulation has not yet occurred, is likewise unavailing. The New York City Division of Housing and Community Renewal has explicitly taken the position that where, as here, the initial rent for a market-rate unit in a section 421-a building is above the deregulation threshold, the unit is exempt from rent stabilization. "[I]t is settled law that the interpretation given a statute by the agency charged with its enforcement will be respected by the courts if not irrational or unreasonable" (Matter of Fineway Supermarkets v State Liq. Auth., 48 NY2d 464, 468 [1979]).
We have considered the tenant's remaining arguments and find them unavailing [FN2].
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April [*2]16, 2024

Footnotes

Footnote 1: Schedule B of the regulatory agreement prescribes the rents for the income-restricted apartments. Plaintiff's market-rate apartment is not listed therein.

Footnote 2: We note that the motion court granted the motion "for the reasons stated in defendants' Memorandum of Law," without further exposition. Motion courts should not use this methodology, as it deprives the parties and this court of the motion court's own analysis and does not demonstrate a consideration of all parties' arguments.