Jacin Invs. Corp., N.V. v Von Vogt (2025 NY Slip Op 51649(U))

[*1]

Jacin Invs. Corp., N.V. v Von Vogt

2025 NY Slip Op 51649(U)

Decided on October 22, 2025

Appellate Term, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on October 22, 2025
SUPREME COURT, APPELLATE TERM, FIRST DEPARTMENT

PRESENT: Tisch, J.P., Perez, Alpert, JJ.

570249/23

Jacin Investors Corporation, N.V. and Jacin Investors LLC, Petitioners-Landlords-Appellants,
against
Charlotte Von Vogt, Respondent-Tenant-Cross-Appellant.

Landlords appeal from a final judgment of the Civil Court of the City of New York, New York County (Jack Stoller, J.), entered on or about July 30, 2024, after a nonjury trial, dismissing the petition in a holdover summary proceeding. Tenant cross-appeals from the aforesaid final judgment to the extent that it limited the recovery on her rent overcharge counterclaim to the principal sum of $500.

Per Curiam.
Order (Jack Stoller, J.), entered on or about July 30, 2024, reversed, with $30 costs, and a new trial ordered on all issues.
The primary issue at the trial of this lease-expiration holdover proceeding was whether the subject apartment was deregulated "due to a high rent vacancy" that occurred prior to tenant's occupancy. Landlord adduced evidence that a prior rent controlled tenant vacated the apartment in 2010, and that rent increases attributed to the vacancy and individual apartment improvements increased the rent above the then-applicable deregulation threshold. Without passing on this evidence, the court dismissed the petition on the ground that landlord "never registered [tenant's] first rent (or any subsequent rent) with DHCR. Rather, [landlord] continued to register the subject premises as rent controlled even after the prior tenant moved out." Upon the parties' respective appeals, we reverse and order a new trial.
Given that coverage under rent regulation is a matter of statutory right and cannot be created by waiver or estoppel (see 546 W. 156th St. HDFC v Smalls, 43 AD3d 7, 11 [2007]; Ruiz v Chwatt Assoc., 247 AD2d 308 [1998]; 57 NY Jur. 2d, Estoppel, Ratification, and Waiver § 5 ["Equitable estoppel cannot be applied to create a right that does not already exist, but merely prevents the denial of a right which is claimed to have arisen otherwise"]), the petition should not have been dismissed on the grounds relied upon by Civil Court (see Malkiewicz v Acquisition America XI LLC, 233 AD3d 587, 588 [2024] [that the first tenant's rent was never registered with the New York Division of Housing and Community Renewal was "notable," not determinative as [*2]to whether apartment deregulated]; Cvek 446 East 88th Street LLC v Fish, 67 Misc 3d 137[A], 2020 NY Slip Op 50602[U] [App Term, 1st Dept 2020] [apartment properly deregulated even though landlord mistakenly registered the apartment as stabilized]).
Since the trial court did not pass upon landlord's evidence concerning individual apartment improvements that it relied upon to increase the rent above the deregulation threshold then in effect (see Matter of 150 E. Third St LLC v Ryan, 201 AD3d 582 [2022], lv dismissed 39 NY3d 935 [2022]; Parkside Group v Leder, 58 Misc 3d 160[A], 2018 NY Slip Op 50269[U] [App Term, 1st Dept 2018]), a new trial is required.
Contrary to landlord's contention, on remand, Civil Court can examine the rental history of the apartment, including the legality of the purported "first rent," since the limitation period to challenge a "first rent" (see Rent Stabilization Code § 26-512 [b] [2]) through the Fair Market Rent Appeal (FMRA) process does not apply where, as here, the inquiry concerns the regulatory status of an apartment, as "no statute of limitations bars plaintiff's claim that the apartment is subject to rent stabilization" (Liggett v Lew Realty LLC, 42 NY3d 415, 422 [2024]; Thurman v Sullivan Properties L.P., 226 AD3d 453, 454 [2024]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: October 22, 2025