720 Riverside Owners Corp. v Moghadam (2025 NY Slip Op 51896(U))

[*1]

720 Riverside Owners Corp. v Moghadam

2025 NY Slip Op 51896(U)

Decided on December 2, 2025

Appellate Term, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on December 2, 2025
SUPREME COURT, APPELLATE TERM, FIRST DEPARTMENT

PRESENT: James, P.J., Brigantti, Alpert, JJ.

571186/25

720 Riverside Owners Corp., Petitioner-Landlord-Appellant, 
against
Reza Moghadam, Respondent-Tenant-Respondent.

Landlord appeals from an order of the Civil Court of the City of New York, New York County (Daniele Chinea, J.) dated April 8, 2024, which granted tenant's motion to amend his answer and for discovery in a nonpayment summary proceeding.

Per Curiam.
Order (Daniele Chinea, J.), dated April 8, 2024, affirmed, without costs.
Civil Court did not abuse its discretion in granting tenant's motion to amend his answer to assert a rent overcharge affirmative defense and for leave to conduct discovery. The Housing Stability and Tenant Protection Act (HSTPA), not only extends the statutory lookback period for overcharge proceedings from four to six years for all actions pending on or after June 14, 2019, but also permits review of rent history beyond the lookback period in a determination of the legal regulated rent (see HSTPA, § 1, part F, § 7; Rent Stabilization Law [Administrative Code of City of NY] § 26-516 [h], as amended by L 2019, ch 36 [DHCR or court "shall consider all available rent history which is reasonably necessary to make such determinations"]; see Simpson v 16-26 E. 105, LLC, 176 AD3d 418 n 1 [2019]; see also Cox v 36 S Oxford St, LLC, 237 AD3d 604 [2025]). Thus, landlord's contention that it cannot be required to produce rent records beyond four years is without merit (see Widsam Realty Corp. v Joyner, 66 Misc 3d 132[A], 2019 NY Slip Op 52097[U] [App Term, 1st Dept 2019]).
We agree with the motion court that tenant's submissions, which show, among other things, an unexplained near doubling of the rent one year before tenant leased the premises, justified discovery beyond the lookback period (see generally Burrows v 75-25 153rd St., LLC, 239 AD3d 564 [2025]).
Landlord's assertion that tenant should be estopped from challenging the rent in this proceeding since the rent had been stipulated to in prior proceedings is also unavailing since tenant cannot waive a benefit of any provision of the Rent Stabilization laws and regulations, and will not be estopped from later challenging the legal rent for the apartment (Rent Stabilization Code [RSC] [9 NYCRR] § 2520.13; Ruiz v Chwatt Assoc., 247 AD2d 308, 308 [1998] ["Rent stabilization coverage is a matter of statutory right and cannot be created by waiver or estoppel"]). Furthermore, stipulations by a tenant to pay a sum in excess of the legal rent are void (91-101 Realty LLC v Sanchez, 66 Misc 3d 30, 33 [App Term, 2d Dept, 2d, 11th & 13th Jud [*2]Dists 2019]) and it will not be presumed that a prior stipulation established the legal rent for the apartment (see 153rd St. Apt. LLC v Alveranga, 30 Misc 3d 129[A], 2010 NY Slip Op 52290[U] [App Term, 1st Dept 2010]).
All concur.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
Clerk of the Court
Decision Date: December 2, 2025