**320 Manhattan Ave. LP v Nebbou**

2026 NY Slip Op 30014(U)

January 21, 2026

Civil Court of the City of New York, New York County

Docket Number: Index No. L&T 308934/22

Judge: Clinton J. Guthrie

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF NEW YORK: HOUSING PART D
-----------------------------------------------------------------X

320 MANHATTAN AVENUE LP,                              Index No. L&T 308934/22

                          Petitioner,

              -against-                               **DECISION/ORDER**

ALLAN NEBBOU, JOHN DOE, JANE DOE,

                          Respondents.
-----------------------------------------------------------------X

Present:

          Hon. <u>CLINTON J. GUTHRIE</u>
                Judge, Housing Court

Recitation, as required by CPLR § 2219(a), of the papers considered in the review of respondent's motion for summary judgment and related relief (seq. 4), <u>and</u> petitioner's cross-motion for summary judgment (seq. 5):

| **Papers** | **Numbered** |
|---|---|
| Notice of Motion & All Documents Annexed………………....... | 1 (NYSCEF #37-43) |
| Notice of Cross-Motion & All Documents Annexed...………..... | 2 (NYSCEF #46) |
| Reply Affirmation & All Documents Annexed………………….. | 3 (NYSCEF #51-54) |
| Affirmation in Reply (for Cross-Motion) & All Documents Annexed…………………………………………………………….. | 4 (NYSCEF #56) |

Upon the foregoing cited papers, the decision and order on respondent's motion and petitioner's cross-motion, consolidated for determination herein, is as follows.

PROCEDURAL HISTORY

This summary nonpayment proceeding was filed in June 2022. Respondent filed a pro se answer in June 2022. Thereafter, counsel for respondent appeared and an amended answer was filed on consent. Respondent later moved for discovery and petitioner cross-moved to strike certain defenses and counterclaims. By Decision/Order dated April 3, 2023, Judge Tracy

1

Ferdinand granted respondent's motion for discovery and denied petitioner's motion except to the extent of permitting amendment of the petition to date.

Following the completion of discovery, both parties have moved for summary judgment. After several adjournments for briefing and attempted settlement, this court heard argument on both motions on July 17, 2025.

DISCUSSION/CONCLUSION

The related issues relevant to both summary judgment motions are the legality of the rent sought by petitioner and the regulatory status of the subject apartment before respondent's tenancy. Both parties agree that the subject apartment is currently subject to rent stabilization. Respondent argues in his motion that he was charged an inflated rent from the inception of his tenancy in 2013 and has overpaid rent as a result. In support of its cross-motion, petitioner argues that the subject apartment was subject to rent control during the tenancy of the prior long-term tenant, that the first rent-stabilized rent agreed to with respondent was lawful, and that any registration of the apartment as rent stabilized during the rent-controlled tenancy was erroneous and immaterial.

Petitioner is correct that rent stabilization coverage cannot be conferred by waiver or estoppel (*Matter of Trainer v State of N.Y. Div. of Hous. & Community Renewal*, 162 AD3d 461 [1st Dept 2018]; *546 W. 156th St. HDFC v Smalls*, 43 AD3d 7, 11 [1st Dept 2007]). Petitioner's proof that the apartment was rent controlled during the period of the prior tenancy consists of notations on the DHCR (New York State Division of Housing and Community Renewal) rent registration that the apartment was registered as rent controlled from 1984 to 1996 and an

[* 2]

affidavit from Juda Stern, petitioner's managing agent.[1]  Mr. Stern states in his affidavit that prior tenant, Thornton Meacham, was "erroneously registered as a 'Rent Stabilized ('RS') tenant in subsequent years . . . from 1997 through 2009." (Stern Aff., ¶ 8).

Respondent does not explicitly dispute that the apartment was previously subject to rent control but argues that pursuant to a Regulatory Agreement between DHCR and petitioner dated January 30, 1997, the apartment would have become subject to rent stabilization starting in 1997. Petitioner opposes by asserting that the subject apartment was not one of those that were "income-based" subject to the Regulatory Agreement.

Generally, an apartment that is rent controlled will retain that status even if the apartment becomes temporarily exempt or subject to a statute or program that would otherwise confer rent stabilization status (*see Oteri v Temporary State Hous. Rent Commission*, 9 AD2d 529, 530 [1st Dept 1960], *affd* 8 NY2d 810 [1960]; *President Park Inc. v Brabham*, 167 Misc 2d 700, 705-706 [Civ Ct, Kings County 1995]).  The court can discern nothing in the Regulatory Agreement annexed to respondent's motion that would indicate that the apartment would lose rent control status when it came into effect.  Nonetheless, the court finds that there exist material issues of fact regarding the regulatory status of the subject premises immediately before respondent's tenancy that preclude summary judgment in either party's favor (*see P & J Hous. Partners v Alvarado*, 34 Misc 3d 130[A], 2011 NY Slip Op 52310[U] [App Term, 1st Dept 2011]).  The DHCR registration suggests but does not establish that the prior long-term tenant was rent controlled.  Contrariwise, the court does not find that respondent established that the apartment was rent stabilized during the prior tenancy.  If the apartment was rent controlled, the process for

---

[1]     The court notes that the copy of the DHCR rent registration was annexed to respondent's moving papers.

3

[* 3]

setting the initial rent-stabilized rent would be governed by the Rent Stabilization Code (RSC), specifically RSC § 2521.1(a)(1) (9 NYCRR § 2521.1(a)(1)) (*see Liggett v Lew Realty LLC*, 42 NY3d 415, 420 [2024]).  While petitioner is correct that under pre-HSTPA (Housing Stability and Tenant Protection Act) law, a fair market rent appeal (FMRA) to challenge the initial rent of an apartment formerly subject to rent control needed to be filed within four years of the last rent-controlled tenant's vacancy, this limitation does not apply when rent regulatory status is at issue (*see Thurman v Sullivan Props. L.P.*, 226 AD3d 453, 454 [1st Dept 2024]; *Jacin Invs. Corp., N.V. v Von Vogt*, 87 Misc 3d 130[A], 2025 NY Slip Op 51649[U], *2 [App Term, 1st Dept 2025]).

Moreover, even if respondent had unequivocally proven that the apartment was not subject to rent control immediately before his tenancy, he has not demonstrated, as a matter of law, that petitioner engaged in regulatory fraud or a "fraudulent scheme to evade the protection of the rent stabilization laws" (*Burrows v 75-25 153rd St., LLC*, 44 NY3d 74, 84 [2025]) that would allow the court to review the rental history beyond the 4-year base date and determine that an overcharge in violation of the Rent Stabilization Law (RSL) and RSC occurred (*see Cox v 36 S Oxford St, LLC*, 237 AD3d 604, 605 [1st Dept 2025] [Discussing 2023 and 2024 amendments to the RSL and RSC, which require a consideration of the "totality of the circumstances" in determining if a fraudulent scheme to deregulate an apartment occurred.]).[2]  Notably, the court does not find that respondent has established, as a prima facie matter, that petitioner "knowingly engaged" in a fraudulent scheme to deregulate the subject premises on this record (*Gunther v*

---

[2]     As the overcharge here dates to September 2013, when respondent's first lease commenced, it is subject to pre-HSTPA law governing overcharges (*see Reichenbach v Jacin Invs. Corp.*, 237 AD3d 446 [1st Dept 2025]; *but cf. Matter of West Pierre Assoc. LLC v Harvey*, 241 AD3d 413 [1st Dept 2025]).

4

[* 4]

*29th St. PVP, LLC*, 238 AD3d 859, 861 [2d Dept 2025] [quoting L 2024, ch 95, § 4]).

Accordingly, based upon the foregoing determinations, both respondent's motion and petitioner's cross-motion are denied because material issues of fact requiring a trial exist. The proceeding will be restored to the Part D calendar for all purposes, including trial transfer, on February 25, 2026 at 9:30 AM.

This Decision/Order will be filed to NYSCEF.

THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.

Dated: New York, New York
     January 21, 2026           HON. CLINTON J. GUTHRIE, J.H.C.

**APPROVED**
CGUTHRIE , 1/21/2026, 9:22:03 AM

| CHECK ONE: | | CASE DISPOSED | | | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|---|
| MOTION SEQ. #: 4 | | GRANTED | X | DENIED | | GRANTED IN PART | | OTHER |
| MOTION SEQ. #: 5 | | GRANTED | X | DENIED | | GRANTED IN PART | | OTHER |
| CHECK IF APPROPRIATE: | | SETTLE ORDER | | | | SUBMIT ORDER | | STAY CASE |
| | | INCLUDES TRANSFER/REASSIGN | | | | FIDUCIARY APPOINTMENT | | REFERENCE |
| NOTES | | | | | | | | |

5

[* 5]