Memorandum. The order of the Appellate Division should be affirmed, with costs. There is ample support in the record for the agency’s determination that the apartment in question was never vacated as is statutorily required for a vacancy decontrol order. It also appears that appellant landlord acquiesced in the intervenor’s occupancy of the subject apartment in 1971, when the original tenant departed on a voyage to Ireland, and at that time exacted a 10% rent increase for occupancy from the intervenor pursuant to section 33.3 of the New York City Rent, Eviction and Rehabilitation Regulations. Subsequently, the landlord agreed to intervenor’s occupancy of the apartment in her own right after it was determined that the original tenant was not returning. Appellant continued to request and receive Maximum Base Rent (MBR) increases for the apartment and even furnished paint to the new tenant and paid her $50 in discharge of the landlord’s obligation to paint the apartment. An additional 10 months elapsed during which the landlord consented to the intervenor’s occupancy, and accorded her the privileges of a rent controlled tenancy with full knowledge of the original tenant’s intention not to return (cf.
 
 La Porto v Village of Philmont,
 
 39 NY2d 7). Under these circumstances, the determination of the Commissioner of Rent and Housing that the apartment thus failed to qualify for decontrol was not arbitrary and capricious
 
 (Matter of Colton v Berman,
 
 21 NY2d 322, 329). Appellant waived the right to a decontrol order and, in fact, failed to establish that the apartment was physically vacant as required by statute. Indeed, it should be noted that from the time intervenor took occupancy in September, 1971 until February, 1973, appellant took full advantage of increases allowable for statutorily controlled premises.
 

 Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur in memorandum.
 

 
 *764
 
 Order affirmed.