■ In the Matter of FRANCESCO VELTRI, Respondent, v DANIEL W. JOY, as Commissioner of the Department of Rent and Housing Maintenance, Appellant.—Judgment, Supreme Court, New York County, entered March 1, 1976, vacating the respondent's determination on protest dated July 1, 1975 and remanding for further proceeding, reversed, on the law, the application is denied and the petition dismissed. Respondent-appellant shall recover of petitioner-respondent $60 costs and disbursements of this appeal. In this CPLR article 78 proceeding, the petitioner landlord seeks to review the rent administrator's denial of the landlord's application for decontrol of an apartment leased to one Thomas Grabien in 1967 on the basis that said tenant has his primary residence elsewhere. In 1967, the landlord entered into a lease with the tenant Grabien which specifically provided for occupancy by the tenant and the tenant's immediate family consisting of two persons. This lease provided for 15% advance in rent at the time when the apartment was being occupied by Grabien and a Mr. Whitmore. Later, in

1969, Whitmore was replaced by one Patricia Daniels. In 1971, after Grabien departed for California, removing his belongings from the apartment, the landlord instituted a holdover proceeding against him and the occupant of the apartment, John Doe. This proceeding resulted in a final judgment granting possession to Grabien and Ms. Daniels. The landlord never accepted rent from Daniels, the rent being paid through Grabien. Subsequently, the landlord commenced a decontrol proceeding under section 18 of the Rent, Eviction and Rehabilitation Regulations, alleging that Grabien no longer occupied the housing accommodation as his primary residence. It is not contested that Grabien has his primary residence in California and that Daniels resides in the apartment here in New York. The critical distinction herein is that the landlord's application is for decontrol as opposed to eviction. Under the decontrol provisions of the rent regulations, a tenant is defined in broad terms, which includes any "other person entitled to the possession or to the use or occupancy of any housing accommodation." As Ms. Daniels is a person entitled to use or occupy the housing accommodation, a rational basis exists for the administrative determination denying the landlord's application to decontrol the premises. It is clear that Ms. Daniels was occupying as a second person under Grabien's lease and continued the occupancy after Grabien left for California. There was no hiatus in possession and vacancy decontrol would not attach (see *Matter of Equity Props. Corp. v Joy,* 48 AD2d 630, affd 39 NY2d 762). Under-utilization of the apartment is not present. It appears that the landlord is trying to litigate in a decontrol proceeding the right of Ms. Daniels to the possession of that apartment, which issue is better left to an eviction proceeding. Concur—Markewich, J. P., Lupiano, Silverman and Lane, JJ.; Nunez, J., dissents and would affirm on the opinion of Gellinoff, J.