■ In the Matter of GERTRUDE GHIGONE, Respondent, v DANIEL W. JOY, as Commissioner of the Office of Rent and Housing Maintenance, Appellant, and MATTHEW THOMPSON et al., Respondents. — In a proceeding pursuant to CPLR article 78 to review a determination of the Commissioner of the Office of Rent and Housing Maintenance, the commissioner appeals from a judgment of the Supreme Court, Richmond County (Rubin, J.), dated May 29, 1980, which, *inter alia,* (1) annulled his determination that (a) the first floor apartment at 143 Van Pelt Avenue, Staten Island, was subject to rent control, (b) set a

maximum rent therefor, and (c) directed the return of rents paid in excess of the maximum rent allowed, and (2) granted judgment to the petitioner. Judgment reversed, on the law, with $50 costs and disbursements to appellant payable by petitioner, the determination of the commissioner is reinstated and the proceeding is dismissed on the merits. The parents of Frances Scromo Thompson became tenants in the subject apartment sometime prior to their daughter's birth in 1942. Upon the death of the father, the mother and daughter continued to reside together in the premises. In 1962 Frances married Matthew Thompson, and the couple established their home with Mrs. Scromo in the subject apartment. Sometime prior to November, 1963, Mrs. Scromo removed herself from the premises, whereupon her daughter continued to reside there uninterruptedly with her husband and continued paying rent to petitioner. On April 12, 1978, tenant Matthew Thompson filed a statement of violations against petitioner, wherein it was alleged that from 1962 until April, 1978, he and his wife paid monthly rents ranging from $45 to $130. Additionally, they paid for their own heat, hot water and electricity. As of May 1, 1978, petitioner demanded $155 per month for the use of the premises, contending that the apartment became decontrolled when Mrs. Scromo "vacated" and petitioner accepted the complainant as a new tenant, on a month-to-month basis, at an increased rental. Section Y51-3.0 (subd e, par 2, cl [i], subcl [4]) of the Administrative Code of the City of New York provides, in substance, for decontrol of one- or two-family housing accommodations where a vacancy occurs on or after April 1, 1953. The commissioner determined that no vacancy had occurred in the subject apartment since April 1, 1953 and that decontrol was not warranted. It was thereupon ordered that petitioner's protests be denied and the prior orders of the district rent director in favor of the tenants be affirmed. Petitioner commenced an article 78 proceeding in the Supreme Court, Richmond County, as a result of which the commissioner's determination was annulled and he was directed to issue forthwith orders of decontrol for the subject premises. The commissioner's appeal is taken from the aforesaid judgment. Under the circumstances, the determination that the apartment failed to qualify for decontrol was not arbitrary and capricious (see *Matter of Colton v Berman,* 21 NY2d 322). Petitioner can be said to have waived her right to a decontrol order by virtue of her acquiescence in the Thompsons' occupancy of the subject apartment, and in fact failed to establish that the apartment was physically vacant as required by statute (see *Matter of Equity Props. Corp. v Joy,* 39 NY2d 762). As Mrs. Thompson is clearly a person entitled to use or occupy the housing accommodation, a rational basis exists for the administrative determination denying the landlord's application to decontrol the premises. "There was no hiatus in possession and vacancy decontrol would not attach" (see *Matter of Veltri v Joy,* 55 AD2d 529, 530, affd 43 NY2d 660). Moreover, where the evidence is conflicting and would equally support two inferences, the agency's choice of inference must prevail (see *Matter of Collins v Codd,* 38 NY2d 269). Accordingly, we reverse the judgment appealed from and reinstate the commissioner's determination. Lazer, J. P., Mangano, Gibbons and Margett, JJ., concur.