■ In the Matter of DORIS KLEIN et al., Respondents, v NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL, Respondent, and COLORADO ASSOCIATES, LLC, Appellant. [795 NYS2d 520]—

Order, Supreme Court, New York County (Debra A. James, J.), entered May 10, 2004, which granted the cross motion of respondent Division of Housing and Community Renewal (DHCR) to remand the matter for further proceedings "to review the manner and merits of the application upon which the PAR [petition for administrative review] was submitted," unanimously reversed, on the law and the facts, without costs or disbursements, the petition denied and the proceeding dismissed.

There is no basis for a remand. The record shows, and DHCR has already recognized, that the present tenants were fully notified and were aware of the proceedings to decontrol the subject apartment. In fact, they had received the agency's order of decontrol and even responded to it more than three years before filing a PAR of that order and 3½ years before commencing this CPlR article 78 proceeding to challenge that order.

On March 1, 1999, James Klein, the son of "L. Klein," the tenant of record of the subject rent-controlled apartment, completed and returned a DHCR income certification form (ICF) on which L. Klein, who had died in 1977, was designated as the tenant, and which the owner had mailed to L. Klein. James Klein listed himself, his mother Doris, his wife Judith and his daughter Kimberly as the tenants occupying the apartment. He also checked a box indicating that the total annual income of the household was less than $175,000.

The ICF was the basis for the owner's subsequent March 16, 1999 filing of a petition for high income rent deregulation, which listed L. Klein in the "mailing address" but listed Doris, James, Judith and Kimberly Klein as "tenant(s) named on the lease or otherwise occupying the housing accommodations." According to DHCR's records, on March 23 it mailed to "the tenant" an answer to petition and notice to tenant to provide income verification information, by regular and certified mail, for which James Klein signed a receipt on March 24, but otherwise ignored.

Noting that the tenant did not submit a response to the notice requesting an answer, DHCR issued an order deregulating the subject apartment on February 28, 2000. Two days later, James Klein wrote to DHCR "Re: Order of Deregulation," acknowledging receipt of the "above notice concerning information necessary to verify household income that was not received," advising of L. Klein's death on January 17, 1977, listing the current residents of the apartment and protesting deregulation. Instead, he wrote, Doris Klein was "probably entitled to rent increase exemption (SCRIE)." DHCR responded by letter of March 20, 2000, reminding James Klein of his failure to respond to the answer to petition and request for income verification, for which he had signed a certified mail receipt, and that an order of deregulation had been entered. Significantly, in the March 20 letter DHCR advised Mr. Klein that he had 35 days from February 28, 2000, the date of the order of deregulation, to file a PAR. DHCR further advised that his file had been reviewed, as was his request for reconsideration, and that based on such review, it had found "no irregularity in a

vital matter," and thus his request for reconsideration was denied.

Subsequently, after signing two successive two-year leases, James and Judith Klein consulted a lawyer and commenced an action in Supreme Court in July 2003 against the owner, seeking a declaration that the apartment was subject to rent control and the voiding of the deregulation leases they had signed. The following month, they also sought reconsideration of DHCR's deregulation order, claiming an irregularity in a vital matter in that the order of deregulation was "solely" against the deceased L. Klein, and that neither James, Judith nor Doris Klein had ever received notice of a petition for deregulation or an income verification request, so that they became aware of the order of deregulation only after commencing the declaratory judgment action.[1]

Thereafter, on August 19, 2003, the tenants filed a PAR, asserting, essentially, that the owner, aware of their status as tenants, had never served them with the application for decontrol, which they never received. On September 8, DHCR implicitly denied the request for reconsideration, noting the earlier March 20, 2000 denial of the prior request for reconsideration. DHCR dismissed the PAR on September 29, 2003 as untimely. The tenants thereafter commenced the instant article 78 proceeding to vacate the February 2000 order of deregulation.

It is abundantly clear, contrary to the tenants' present claims and despite the listing of L. Klein on the various correspondence leading to the order of deregulation as well as the order itself, that James Klein received all of the documents and even participated in the process by filling out the ICF. Having been given sufficient notice in DHCR's March 20, 2000 letter of the denial of his request for reconsideration and advised of the time constraints on the filing of a PAR, the tenants have no acceptable excuse for their failure to file a timely request for such review.

Finally, it should be noted that there is no provision in the Rent and Eviction Regulations setting forth any guidelines or mandates involving a successor tenant as to what action an owner, or for that matter a tenant, must take with respect to changing the identification information pertaining to the ten-

---

1. In an apparent contradiction, the August 2003 letter requesting reconsideration attached a copy of James Klein's March 1, 2000 letter and stated that, upon obtaining a copy of the deregulation order, James Klein corresponded with DHCR.

ancy.[2] A family member who qualifies merely succeeds to the decedent tenant's rights if that is his or her choice. There is nothing in the record leading to the order of decontrol to indicate that any of the occupants of the subject apartment ever requested the tenancy be changed to their names. The claim that they were unaware of the order of decontrol is belied by the record, as is their claim that they never received notice of the deregulation proceedings.

Since, as already found, there has been no irregularity in a vital matter and the current occupants of the subject apartment were fully informed of the deregulation proceedings but, for whatever reason, chose to ignore them, this matter should be put to rest. Concur—Mazzarelli, J.P., Sullivan, Ellerin, Nardelli and Williams, JJ.

---

2. Although not relevant here since a rent-controlled tenancy is involved, the Rent Stabilization Law addresses the issue by specifically providing that a successor tenant is entitled to be named on a renewal lease (see Rent Stabilization Code [9 NYCRR] § 2523.5 [b] [1]).