(December 11, 2012)

■ In the Matter of ALAN SCHIFFREN, Appellant, v BRIAN LAWLOR, as Acting Commissioner of the New York State Division of Housing and Community Renewal, et al., Respondents. [955 NYS2d 44]—

This court is called upon, once again, to consider the interplay of an owner's participation in the J-51 tax benefit program (see RPTL 489; Administrative Code of City of NY § 11-243) with luxury deregulation of a rent-regulated dwelling unit (see Rent Stabilization Law of 1969 [Administrative Code of City of NY] § 26-504). It is undisputed that petitioner was a rent-stabilized

tenant, pursuant to the Rent Stabilization Law of 1969, when he first moved into the dwelling unit in September 1989. The owner subsequently obtained J-51 tax benefits, which have since expired. The issue raised on this appeal is whether, as a matter of law, a dwelling unit that was subject to rent regulation before an owner received J-51 tax benefits can be subject to luxury deregulation once those tax benefits expire. This question has not been previously resolved, either by the Court of Appeals' decision in *Roberts v Tishman Speyer Props., L.P.* (13 NY3d 270 [2009]) or in any of our later decisions.

The plain language of Administrative Code §§ 11-243 and 26-504 (c) supports the conclusion that the legislature intended to provide that a building that is already regulated when it receives J-51 benefits will continue to be regulated under the original rent-regulation scheme when the tax benefits expire. We conclude that the reversion to pre-J-51-benefit rent-regulation status includes the right of an owner to seek luxury deregulation in appropriate cases (*cf. Matter of 73 Warren St., LLC v State of N.Y. Div. of Hous. & Community Renewal*, 96 AD3d 524, 529 [1st Dept 2012]). While there is a collateral issue regarding whether tenant vacatur or notice in the lease is necessary to trigger reversion of a dwelling unit to the original rent-regulation regime, petitioner does not advance, and we do not decide, this issue on appeal. We only hold that luxury decontrol is not per se prohibited once the J-51 tax benefits expire on a dwelling unit that was subject to rent regulation before the tax benefits were obtained. The article 78 court, therefore, correctly concluded that upon expiration of the owner's receipt of J-51 tax abatements, petitioner's apartment continued to be subject to regulation under the same terms and conditions as before the receipt of J-51 abatements, making it subject to luxury decontrol.

The court also correctly held that mandatory IRA distributions received by petitioner in 2006 and 2007, which were reported as income in petitioner's New York State income tax returns, were properly included in the calculation of his income for those years (*see Matter of Nestor v New York State Div. of Hous. & Community Renewal*, 257 AD2d 395 [1st Dept 1999], *lv dismissed and denied* 93 NY2d 982 [1999]).

Finally, the court properly held that petitioner's failure to argue before the agency that his daughter should have been served with an income certification form precluded him from advancing that position in his article 78 petition (*see Matter of Parcel 242 Realty v New York State Div. of Hous. & Community Renewal*, 215 AD2d 132 [1st Dept 1995]). Concur—Gonzalez,

458

P.J., Saxe, Catterson, Acosta and Gische JJ.