230 East 14th Street LLC, 
 Petitioner-Landlord-Appellant,
against
Magdalena Szownadze, Respondent-Occupant-Respondent, -and- Raj Shette and "John and/or Jane Doe", Respondents-Undertenants.



Petitioner, as limited by its briefs, appeals from so much of an order of the Civil Court of the City of New York, New York County (Maria Milin, J.), dated May 2, 2016, as denied its motion to dismiss respondent Szownadze's affirmative defenses and for summary judgment on the holdover petition, and granted respondent's cross motion to extend the time to serve corrections to her deposition testimony.




Per Curiam.
Order (Maria Milin, J.), dated May 2, 2016, insofar as appealed from, affirmed, with $10 costs.
We agree with Civil Court that this holdover proceeding is not susceptible to summary disposition, since petitioner failed to eliminate all triable issues of fact with respect to respondent Szownadze's nontraditional family member succession defense (see New York City Rent and Eviction Regulations [9 NYCRR] § 2204.6 [d][3][i]). On this record, which includes evidence that respondent and the deceased tenant resided together for several years, shared living expenses, attended family functions, attempted to formalize legal responsibilities with a rudimentary power of attorney, and submissions from the deceased tenant's grandson and physician, attesting to the strong emotional bond and family-type relationship between respondent and tenant, triable issues of fact are raised as to whether respondent resided with tenant in a relationship characterized by emotional and financial commitment and interdependence (see 123-125 Wadsworth Ave. Realty Corp. v Gil, 50 Misc 3d 144[A], 2016 NY Slip Op 50244[U] [App Term, 1st Dept 2016]).
Nor has petitioner established as a matter of law that respondent waived her succession claim by failing to notify petitioner of the rent controlled tenant's death and by subsequently paying rent in tenant's name (see Matter of Klein v New York State Div. of Hous. & Community Renewal, 17 AD3d 186, 188-189 [2005]; Golden Mtn. Realty Inc. v Severino, 47 Misc 3d 141[A], 2015 NY Slip Op 50623[U] [App Term, 1st Dept. 2015]; cf. South Pierre Assoc. v. Mankowitz, 17 Misc 3d 53 [2007] [succession claim deem waived where respondent, inter alia, forged the deceased tenant's name on seven rent stabilized renewal leases for nearly 13 years]).
The motion court properly excused respondent's brief delay in providing petitioner with the errata sheets for her two-day deposition (see Terrero v New York City Hous. Auth., 116 AD3d 570 [2014]; Binh v Bagland USA, 286 AD2d 613 [2001]). The corrections in the errata sheets, to the extent they are material, raise issues of credibility (id.).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: December 14, 2016