■ In the Matter of WILLIAM BRAMWELL, Appellant, v NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL, Respondent, and 1225 PARK CORP., Intervenor-Respondent. [48 NYS3d 46]—

Order and judgment (one paper), Supreme Court, New York County (Joan B. Lobis, J.), entered December 9, 2015, denying the petition to annul a final order of respondent New York State Division of Housing and Community Renewal (DHCR), dated February 4, 2015, which affirmed an order of the Rent Administrator, dated July 23, 2014, that deregulated petitioner's rent stabilized apartment, and dismissing the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.

DHCR correctly determined that petitioner's apartment continued to be subject to high rent/high income luxury decontrol after the expiration of J-51 tax benefits, because the building was rent stabilized prior to the receipt of those benefits (*see* Rent Stabilization Law of 1969 [Administrative Code of City of NY] § 26-504 [c]; RPTL 489 [7] [b] [2]). "[A] building that is already regulated when it receives J-51 benefits will continue to be regulated under the original rent-regulation scheme when the tax benefits expire . . . . [Reversion to pre-J51 status] includes the right of an owner to seek luxury deregulation in appropriate cases" (*Matter of Schiffren v Lawlor*, 101 AD3d 456, 457 [1st Dept 2012]). Contrary to petitioner's argument, the owner was not required to serve a J-51 notice/J-51 rider to petitioner's leases to trigger reversion of his rent stabilized apartment to the original rent-regulation regime

(72A *Realty Assoc. v Lucas*, 101 AD3d 401, 402 n [1st Dept 2012]). Under Administrative Code § 26-504 (c) and RPTL 489 (7) (b) (2), a notice informing petitioner that his apartment would cease to be rent stabilized after the J-51 benefits expired would have been incorrect; those statutes provide that such an apartment will remain rent stabilized after the expiration of J-51 tax benefits.

Contrary to petitioner's argument, this conclusion is consistent with the holding of *Roberts v Tishman Speyer Props., L.P.* (13 NY3d 270 [2009]), that all apartments in a building receiving J-51 tax benefits are exempt from deregulation while the building is receiving the benefits. Upon termination of the benefits, however, the applicable statutes expressly provide for different treatment of apartments that were regulated before the receipt of J-51 tax benefits and those that became rent stabilized solely by virtue of J-51 tax benefits.

The owner's failure to serve an income certification form (ICF) upon petitioner and to name him in Section I of the petition for deregulation were non-prejudicial errors that did not amount to a violation of lawful procedure (*see Matter of Klein v New York State Div. of Hous. & Community Renewal*, 17 AD3d 186 [1st Dept 2005]). Since petitioner and his wife were the only tenants of record, by serving the wife with an ICF, the owner substantially complied with Administrative Code § 26-504.3 and Rent Stabilization Code (9 NYCRR) § 2531.2. Petitioner himself could have completed the ICF, even if it was addressed only to his wife (*see Matter of Klein*, 17 AD3d at 187). He was listed among the tenants and occupants of the apartment in the owner's petition for deregulation, and he and his wife, who were represented by counsel, answered the petition for deregulation.

We have considered petitioner's remaining arguments and find them unavailing. Concur—Friedman, J.P., Mazzarelli, Andrias, Feinman and Gesmer, JJ.