Meirav Gavrielov and Varan Gavrielov, Petitioners-Landlords-Appellants,
against
Unger Consulting Group Ltd., Respondent-Tenant-Respondent, and Harold Unger, Respondent-Undertenant-Respondent, and "John Doe" and/or "Jane Doe," Respondents-Undertenants-Respondents.



Petitioners-landlords appeal from (1) an order of the Civil Court of the City of New York, New York County (Jack Stoller, J.), dated November 14, 2016, which granted respondents' motion for summary judgment dismissing the petition in a holdover summary proceeding and denied petitioners' cross motion for summary judgment on the petition, and to strike respondents' affirmative defenses and counterclaims, and (2) an order (same court and Judge), dated March 6, 2017, which granted petitioners' motion for reargument, and upon reargument, adhered to its prior determination.




Per Curiam.
Orders (Jack Stoller, J.), dated, respectively, November 14, 2016 and March 6, 2017, affirmed, with one bill of $10 costs.
We reject, as did Civil Court, petitioners-landlords' contention that the subject apartment "bec[a]me[] vacant" after expiration of the RPTL 421-a tax abatement and was therefore deregulated (RPTL 421-a[2][f][i]), when one corporate tenant, Unger Consulting Group Ltd. [UCG], was substituted for another corporate tenant, International Pension Systems Ltd. [IPS], on the renewal lease commencing March 1, 2014. The summary judgment record conclusively establishes that there was no hiatus in possession since the apartment was continuously occupied (for some thirty years) by respondent-undertenant Harold Unger [Unger]. Unger was identified as a rent stabilized tenant of the apartment (along with IPS) on renewal leases and DHCR rent registration statements at least from March 1, 2008 through February 28, 2014. After execution of the March 1, 2014 renewal lease naming UCG as tenant, Unger continued to occupy the apartment as an officer of UCG, and the record shows that petitioner-landlords accepted rent checks from Unger's personal account during this period. Given that Unger continuously [*2]occupied the apartment at all relevant times, the apartment did not "become vacant" and was therefore not deregulated when UCG was substituted for IPS on the March 2014 renewal lease (see generally Matter of Ghignone v Joy, 83 AD2d 839 [1981], affd 55 NY2d 853 [1982]; Matter of Hoy v State of NY Div. of Hous. & Community Renewal, 233 AD2d 120 [1996]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur 
Decision Date: January 29, 2018