K & L Chan Realty Inc., Petitioner-Respondent, 
against
Albert Lee, Respondent-Appellant.




Respondent Albert Lee appeals from a final judgment of the Civil Court of the City of New York, New York County (Jack Stoller, J.), entered on or about August 8, 2019, which awarded possession to petitioner in a holdover summary proceeding.




Per Curiam.
Final judgment (Jack Stoller, J.), entered on or about August 8, 2019, affirmed, with $25 costs.
The rent controlled tenant occupied the subject Mott Street apartment until January 15, 1999, when he and his wife moved to a nearby Mitchell Lama apartment. Respondent Lee, tenant's son, claims succession rights to the apartment. Respondent asserts that he lived in the apartment while growing up, subsequently moved out, but that he returned to the apartment because tenant's health condition was deteriorating. Respondent claims that he resided in the apartment with tenant for at least two years prior to tenant's vacatur in 1999.
We agree with the trial court that respondent has not met his burden to prove that he resided in the premises for two years prior to his father's vacatur so as to be entitled to succession rights (see NY City Rent and Eviction Regulations [9 NYCRR] § 2204.6[d][1]). Respondent failed to adduce any documentary evidence showing that he resided in the apartment during the relevant two year period (January 1997 - January 1999), and the court rejected the testimonial evidence of respondent and his mother because it was inconsistent, faulty and flawed. Our review of the record shows no reason to disturb these fact and credibility determinations of the trial Judge, who was in the best position to assess the value of the testimony (see Claridge Gardens v Menotti, 160 AD2d 544, 544—545 [1990]). While the absence of documentary evidence is not fatal to respondent's succession claim (see 300 E. 34th St. Co. v Habeeb, 248 AD2d 50, 55 [1997]), the less than credible testimonial evidence was insufficient to overcome the complete paucity of documentary evidence connecting respondent to the apartment for actual living purposes for the two years prior to tenant's departure (see United Hay, LLC v Grabrovak, 2002 NY Slip Op 50170[U] [App Term, 1st Dept 2002].
While there was a substantial delay between tenant's vacatur and this holdover proceeding, coverage under a rent regulatory scheme is governed by statute and cannot be created by waiver or estoppel (see Ruiz v. Chwatt Assocs., 247 AD2d 308 [1998]; Gregory v Colonial DPC Corp. III, 234 AD2d 419 [1996]). Moreover, there is no evidence that either landlord or its predecessor recognized respondent as a tenant in his own right or waived the right to contest appellant's occupancy after the vacatur of the tenant (see Sullivan v Brevard Assoc., 66 NY2d 489, 495 [1985]; cf. Matter of Equity Props. Corp. v Joy, 39 NY2d 762 [1976] [landlord affirmatively recognized subsequent occupant as tenant]). While neither tenant nor respondent was required to take any particular action in 1999 to change the identification information pertaining to the tenancy (see Matter of Klein v New York State Div. of Hous. & Community Renewal, 17 AD3d 186, 188-189 [2005]), respondent was still required to meet his "affirmative obligation" to establish succession rights in this 2017 holdover proceeding, since the tenant did not notify landlord of respondent's occupancy in the apartment, "regardless of whether the landlord request[ed] the information" (9 NYCRR § 2204.6[d][2]).
We have considered respondent's remaining arguments and find them unpersuasive. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur 
Decision Date: April 13, 2020