Tuan Mai v SP 1143 Second LLC (2023 NY Slip Op 06204)

Tuan Mai v SP 1143 Second LLC

2023 NY Slip Op 06204

Decided on November 30, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 30, 2023

Before: Kapnick, J.P., Webber, Singh, Moulton, Scarpulla, JJ. 

Index No. 153368/22 Appeal No. 1139 Case No. 2023-03359 

[*1]Tuan Mai, Plaintiff-Respondent,
v
SP 1143 Second LLC, Defendant-Appellant.

Belkin, Burden, Goldman, LLP, New York (Magda L. Cruz of counsel), for appellant.
FishmanLaw Group, PLLC, New York (Ellery Ireland of counsel), for respondent.

Order, Supreme Court, New York County (Gerald Lebovits, J.), entered on or about May 3, 2023, which denied defendant's motion to dismiss the complaint in its entirety, and granted plaintiff's cross-motion for summary judgment to the extent of declaring that plaintiff's apartment is subject to rent stabilization, unanimously affirmed, without costs.
The court properly concluded that pursuant to Administrative Code of the City of NY § 26-504(c), plaintiff's apartment unit reverted to the rent regulated status it had before defendant began receiving its J-51 tax benefits (see Matter of Bramwell v New York State Div. of Hous. & Community Renewal, 147 AD3d 556, 556 [1st Dept 2017]; Matter of Schiffren v Lawlor, 101 AD3d 456, 457 [1st Dept 2012]; see also Matter of Regina Metro Co., LLC v New York State Div. of Hous. & Community Renewal, 35 NY3d 332, 361 n 13 [2020]). This apartment did not revert to a deregulated status, as the unit has been rent stabilized since before the building began receiving the J-51 benefits.
We have considered and rejected defendant's argument that the 2019 repeal of former Administrative Code § 26-504.2 has an improper retroactive effect. The repeal of that provision only affected the propriety of prospective relief, including defendant's ability to deregulate this unit after the J-51 benefits eventually expired in 2020 (see Regina Metro at 365). Defendant had no vested right in deregulating this unit in 2019, when that provision was repealed (see Matter of Schutt v New York State Div. of Hous. & Community Renewal, 278 AD2d 58, 58 [1st Dept 2000]; see also Matter of IG Second Generation Partners L.P. v New York State Div. of Hous. & Community Renewal, 10 NY3d 474, 482 [2008]; 300 Wadsworth LLC v New York State Div. of Hous. & Community Renewal, 210 AD3d 454 [1st Dept 2022]).
Contrary to defendant's contention, the record is insufficient to determine that plaintiff has not been overcharged. Since defendant has treated this apartment unit as deregulated following the expiration of the J-51 benefits, the amount of the overcharge, if any, will require an assessment of the regulated rent and a review of the rents actually charged. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 30, 2023